UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GASSEM BELHAGE,<br><br>Defendant. | 5:23-CR-50104-RAL<br><br><br>ORDER SUA SPONTE GRANTING COMPASSIONATE RELEASE AND FOR AMENDED JUDGMENT |

On November 27, 2023, this Court sentenced Defendant Gassem Belhage to 46 months with three years of supervised release for possession of a firearm by a prohibited person. While on pre-release at Community Alternatives of the Black Hills, Belhage absconded and ended up back in custody at the Winner City Jail. On April 20, 2026, Belhage suffered a significant brain injury while incarcerated at the Winner City Jail and was transported by life-flight to Sanford Hospital in Sioux Falls, South Dakota. Belhage is on life support and not conscious, and this Court understands that his treating providers have indicated that his family may need to make decisions about discontinuing Belhage's life support.

Sentences are final judgments, and under ordinary circumstances, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); see also United States v. Olson, No. 3:19-CR-30133-RAL, 2021 WL 4478031, at *1 (D.S.D. Sept. 30, 2021). However, 18 U.S.C. § 3582(c)(1)(A) provides an exception to this general rule. Section 3582(c)(1)(A), as amended by the First Step Act, allows a district court to hear and decide motions for a reduced

1

sentence filed by prisoners themselves, so long as the prisoner exhausted all administrative rights to appeal the Bureau of Prisons' (BOP) failure to file a motion on the prisoner's behalf, or after 30 days have passed from receipt of such a request by the warden of the prisoner's facilities, whichever is earlier. "This requirement is a mandatory claim-processing rule. As such, it must be enforced so long as the opposing party properly raises it." United States v. Houck, 2 F.4th 1082, 1084 (8th Cir. 2021) (citations omitted). Due to the foregoing reasons, the exhaustion requirement is waived.

Under § 3582(c)(1)(A), a district court may grant a prisoner's motion for a reduced sentence after (1) the court finds that extraordinary and compelling reasons exist, (2) those reasons are consistent with the applicable policy statement promulgated by the United States Sentencing Commission, and (3) an examination of the § 3553(a) sentencing factors support a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i)–(ii). The United States Sentencing Commission has provided the following circumstances to qualify as "extraordinary and compelling reasons" for a reduction in sentence:

> (1) Medical Circumstances of the Defendant.—
>   (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. . . . .
>   (B) The defendant is—
>     (i)    suffering from a serious physical or medical condition,
>     (ii)   suffering from a serious functional or cognitive impairment, or
>     (iii)  experiencing deteriorating physical or mental health because of the aging process,
>         that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>   (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
>   . . . .

2

(5) Other Reasons.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

U.S.S.G. § 1B1.13 (b)(1)(A)–(C), (5).

Here, Belhage's brain injury qualifies as an extraordinary and compelling circumstance. Belhage's brain injury constitutes a serious physical or medical condition and a serious functional or cognitive impairment substantially diminishing his ability to provide self-care within a correctional facility. Belhage has a life-threatening and at least life-altering condition.

To grant compassionate release, a court must also find that the § 3553(a) sentencing factors support early release. The § 3553(a) sentencing factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the [Sentencing Commission] guidelines . . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . .

18 U.S.C. § 3553(a). Belhage was nearly done with the custodial part of his sentence. Given his health condition and 3 years of supervision forthcoming, Belhage's risk to others can be monitored and mitigated by this Court's probation office. For the foregoing reasons, it is hereby

ORDERED that this Court sua sponte grants Belhage compassionate release from any remaining sentence. It is further

3

ORDERED that the probation office prepare an amended sentence reflecting a sentence of time served through April 24, 2026, and notify the Bureau of Prisons forthwith.

DATED this 24th day of April, 2026.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

4